[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This civil case was tried to the court over a period of two days. All parties were represented by counsel who called witnesses and introduced several deeds, photographs and other exhibits. The court finds the following facts.
The plaintiff, Mary A. Labonte, owns a single-family home at 74 Granville Road in East Hartland where she lives with her fiance, the co-plaintiff Richard E. Johnson. The defendants, Kevin and Lizanne Bennett, live next door in their own single-family home. The deeds to both properties describe each lot as being 100 feet by 200 feet. No courses and distances are given in the descriptions and no boundary marks are mentioned. There were iron pipes which appeared to mark the corners of the lots but there was no testimony that these had been placed by a surveyor. In fact, neither property had been surveyed at the time of the events which gave rise to this suit.
A boundary dispute arose between the neighbors in 1999. Both parties accuse the other of moving the metal pipe at the front corner of the two properties. Relations between the parties became heated. Then, in July 2000, the parties reached agreement on a boundary line which was established by a boundary line agreement which was signed and recorded on the Hartland land records. Rather than ending the dispute at that time, the plaintiffs chose to sue the defendants for damages allegedly caused by the defendants before the boundary line agreement was signed. The complaint sets forth seven counts for seven different causes of action. Two of these counts have been withdrawn. The remaining counts are trespass, conversion, damages under Section 52-570, damages under Section 52-570, and damages under Section 47-34a. The defendants set forth three counterclaims in their answer: trespass, conversion, and damages under Section 47-34a.
The basic flaw in the complaint and in the counterclaim is that neither party established title or possession of the land in question prior to the CT Page 1850 boundary line agreement. Neither party established by a fair preponderance of the evidence the location of the boundary line prior to the boundary line agreement in July 2000. This would have been a difficult task in light of the vague property descriptions and the absence of a survey. Neither side had proof that the metal pipe was moved by the opposing parties. Nor did either party establish possession of the land in question. There were no prior indications of possession by either party.
All of the causes of action in the complaint and counterclaim are based upon acts allegedly committed across the boundary line prior to July 2000. Each requires proof of title and/or possession. The plaintiffs allege that the defendants trespassed across the boundary line to place fences, plant bushes and spread wood chips. The defendants admit that they did these things but deny that they occurred on the plaintiff's side of the boundary line as it then existed. The defendants allege that the plaintiffs tore down their fences and trespassed on their land. But since the boundary line was in dispute at the time of these events, and neither side proved the location of the boundary line at that time, the causes of action of both parties must fail.
Special consideration must be given to the plaintiff's allegation that the defendants cut the lower branches off of a white spruce on the plaintiff's property. With regard to this tree, the defendants admitted that they trimmed the branches of this tree in 1996 including the branches which were hanging over the plaintiff's property. If it took place in 1996 it would be beyond the statute of limitations. The plaintiffs allege that this trimming took place in 1999. Having carefully considered the evidence on this point, the court concludes that the plaintiffs failed to prove by a fair preponderance of the evidence that the trimming took place in 1999. The defendants were more credible on this point than the plaintiffs. The plaintiffs, especially Richard Johnson, displayed palpable bitterness arising from this dispute. This bitterness reflects negatively upon the accuracy of their recollections of events which are now several years old.
Judgment may enter for the defendants on the complaint, without costs. Judgment may enter for the plaintiff on the counterclaim, without costs.
John W. Pickard
Judge of the Superior Court CT Page 1851